**Steven T. WALTNER, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 14-71531**

United States Court of Appeals, Ninth Circuit.

Submitted September 27, 2016 *

Filed October 5, 2016

Donald Wills Wallis, Esquire, Attorney, Upchurch Bailey and Upchurch, PA, St. Augustine, FL, for Petitioner–Appellant

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bridget Maria Rowan, Attorney, Deborah Krauss Snyder, Esquire, Attorney, DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, Washington, DC, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent–Appellee

Before: TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Steven T. Waltner appeals from the Tax Court's order imposing a penalty under 26 U.S.C. § 6673. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review for an abuse of discretion, *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993), and we affirm.

The Tax Court did not abuse its discretion by imposing a $2,500 penalty on Waltner for taking frivolous positions after warning Waltner that such conduct could lead to sanctions. *See* 26 U.S.C. § 6673(a)(1) (authorizing penalty not to exceed $25,000 for maintaining a position that is frivolous or groundless in a Tax Court proceeding); *Wolf*, 4 F.3d at 716 ("When taxpayers are on notice that they may face sanctions for frivolous litigation, the tax court is within its discretion to award sanctions under section 6673.").

We reject as without merit Waltner's contention that the Tax Court lacked jurisdiction to impose sanctions because Waltner did not point to any authority that supports his contention, and reject as unsupported by the record Waltner's contention that the Tax Court violated his due process rights by imposing sanctions.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).